IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEN ANDERSEN, individually and on behalf of all others similarly situated;<br><br>   Plaintiff,<br><br> vs.<br><br>SAPP BROS., INC.,<br><br>   Defendant. | **4:25CV3222**<br><br>**ORDER** |
| GUY NOEL, individually and on behalf of all others similarly situated,;<br><br>   Plaintiff,<br><br> vs.<br><br>SAPP BROS., INC.,<br><br>   Defendant. | **4:25CV3224**<br><br>**ORDER** |
| RICHARD LOEBACH, individually and on behalf of all others similarly situated;<br><br>   Plaintiff,<br><br> vs.<br><br>SAPP BROS., INC.,<br><br>   Defendant. | **8:25CV646**<br><br>**ORDER** |

This matter is before the court on Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Counsel. (Filing No. 12[1]). Plaintiffs Ken Andersen, Guy Noel, and Richard Loebach (collectively, "Plaintiffs") move for the above-captioned cases to be consolidated and for *Andersen v. Sapp Bros., Inc.,* Case No. 4:25-cv-3222 be designated the lead case for these consolidated matters. Plaintiffs also move for the appointment of Jeff Ostrow of Kopelowitz Ostrow, P.A., Gary Klinger of Milberg PLLC, and Andrew J. Shamis of Shamis & Gentile, P.A. (collectively, Coordinated Plaintiffs' Counsel) as co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). For the reasons that follow, Plaintiffs' motion will be granted.

## I.    Consolidation

The Plaintiffs seek consolidation of the above-captioned related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Fed. R .Civ. P. 42(a). Each of Plaintiffs' claims arise out of the same data breach of the Defendants' computer network by a third-party cybercriminal on or about September 23, 2025, which resulted in the unauthorized access of Plaintiffs' sensitive personal information. (Filing No. 1 in each of the above-captioned cases). The parties agree that consolidation is appropriate and would serve the interests of convenience, judicial economy, and cost reductions. The Plaintiffs have proposed filing a consolidated amended complaint in what the court will designate as the Lead Case, *Andersen v. Sapp Bros., Inc.,* Case No. 4:25-cv-3222; thereafter the plaintiffs propose administratively closing the remaining two member cases.

After review of the pleadings and the motion, the court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. Plaintiffs' motion for consolidation will be granted and deadlines will be set for filing the consolidated amended complaint, and for Defendant to file an answer or other response.

---

[1] All refences to CM/ECF Filing Nos. in this order are Case No. 25cv3222, the proposed Lead Case unless otherwise noted.

## II.    Appointment of Interim Co-Lead Counsel

Coordinated Plaintiffs' Counsel assert that appointment of interim co-lead counsel will serve the interest of securing a just, speedy, and efficient resolution of this Plaintiffs' claims in a cooperative manner. Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class."  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation ("The Manual") provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, Ann. Manual Complex Lit. § 10.22 (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

Defendant opposes Plaintiffs' request for appointment of counsel, asserting that while Fed. R. Civ. P. 23(g) authorizes the designation of co-lead counsel, it does not require it. Defendant asserts appointment of interim co-lead counsel is premature because no class has been certified at this time, and because there are "only three lawsuits in which Plaintiffs' counsel claim to be working well together."  (Filing No. 16 at 4).

Upon review of the Rule 23(g)(3) factors, the Court finds that the now-consolidated actions would benefit from interim co-lead counsel for efficient case management prior to class certification, if any. As demonstrated by their brief and accompanying resumes,

Coordinated Plaintiffs' Counsel satisfy the requirements for such appointment by the Court. First, Coordinated Plaintiffs' Counsel have engaged in sufficient identification and investigation regarding the potential claims in this present action by investigating the facts, researching the legal basis for liability, preparing detailed complaints, and coordinating the preparation and filing of the pending motion for consolidation and appointment of interim co-lead counsel. (Filing No. 12 at 5). Next, as demonstrated by the brief and accompanying resumes, Coordinated Plaintiffs' Counsel are experienced and qualified, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate this case, very briefly highlighted below:

- Mr. Ostrow is the Managing Partner of Kopelowitz Ostrow, P.A. and has almost 30 years of legal experience. For the past 15 years he has served as lead counsel in dozens of class action lawsuits against large financial institutions. He is currently court-appointed legal counsel or sits on plaintiffs' executive committees in multiple high profile nationwide multi-district litigation actions involving cybersecurity breaches and related privacy issues. (Filing No. 12 at 6).

- Mr. Klinger is a Senior Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC. As lead or co-lead counsel, he has settled more than forty class actions involving privacy violations, the majority of which are data breaches. (Filing No. 12 at 9). Mr. Klinger and his firm have substantial experience handling data security and privacy cases, including some of the largest data privacy litigation in the United States. (Filing No. 12 at 10).

- Mr. Shamis is the Managing partner at Shamis & Gentile, where he heads the class action and mass torts division of his firm. Shamis & Gentile has initiated and served as lead and co-lead counsel in hundreds of class actions.  Mr. Shamis is routinely certified class counsel and has successfully litigated over 10,000 civil cases. (Filing No. 12-3 at 3-4).

Although there is no other counsel currently seeking appointment as interim co-lead counsel, and Coordinated Plaintiffs' Counsel already represent all of the current plaintiffs,

the court nevertheless finds appointment of interim co-lead counsel at this juncture makes sense. The data breach in this case allegedly occurred on September 23, 2025, which resulted in the unauthorized access of private personal information of thousands of individuals. Plaintiffs' complaints allege the affected individuals have not yet received formal notice of the breach. (Filing No. 1). It is not unreasonable to assume more lawsuits with similar or identical claims arising out of the same breach could be forthcoming. The District of Nebraska has previously appointed interim co-lead class counsel under similar circumstances. *See e.g. In re Reg'l Care Data Sec. Incident Litig.,* No. 4:24CV3236, 2025 WL 675056, at *2 (D. Neb. Mar. 3, 2025). *Scott v. Union Bank & Tr. Co.,* No. 4:23CV3126, 2023 WL 4743338, at *2 (D. Neb. July 25, 2023); *Schultz v. TD Ameritrade, Inc.,* No. 8:23CV375, 2023 WL 6621073, at *2 (D. Neb. Oct. 11, 2023). Further, Defendant does not allege that it will be prejudiced in any way by the appointment of interim co-lead counsel. For these reasons, the court finds that appointment of the proposed interim co-lead counsel is appropriate under Fed. R. Civ. P. 23(g).

**IT IS ORDERED:**

1. Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Counsel. (Filing No. 12 in 25cv3222) is granted.

2. The above-captioned cases are consolidated for all purposes. The court designates Case No. 4:25-cv-3222, as the "Lead Case" and Case Nos 4:25cv3224 and 8:25cv646, as "Member Cases." The Lead Case will proceed under the new title "In Re Sapp Bros. Inc. Data Privacy Litigation."

3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

   a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases.

When filing such documents, counsel may either file the document separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

4. As agreed by the parties:

a. The plaintiffs shall file a Consolidated Amended Complaint in the Lead Case on or before March 23, 2026.

b. The deadline for Defendant to file an answer or other responsive pleading to the Consolidated Amended Complaint shall be 45-days after the Consolidated Amended Complaint is filed.

5. After the plaintiffs file their Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the two Member Cases, and the parties are instructed to thereafter file all further documents in the Lead Case without spreading text.

6. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

**IT IS FURTHER ORDERED:**

1. Plaintiffs' Motion to Consolidate Cases and to Appoint Interim Co-Lead Counsel. (Filing No. 12 in 25cv3222) is granted to the extent that it requests appointment of interim co-lead counsel.

2. Jeff Ostrow of Kopelowitz Ostrow, P.A., Gary Klinger of Milberg PLLC, and Andrew J. Shamis of Shamis & Gentile, P.A. are appointed as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).

3.  The plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of plaintiffs' and the putative class and to provide general supervision of the activities of plaintiffs' counsel in the Consolidated Action.


Dated this 9th day of February, 2026.


BY THE COURT:


s/ Ryan C. Carson
United States Magistrate Judge